FILED

December 22, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:02 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| SEAN SMITH, | ) | **Docket No.: 2016-05-0150** |
| **Employee,** | ) | |
| v. | ) | **State File No.: 12458-2016** |
| YATES SERVICES, LLC, | ) | |
| **Employer.** | ) | **Judge Dale Tipps** |
| | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING REQUESTED BENEFITS
### *(DECISION ON THE RECORD)*

---

This matter came before the undersigned workers' compensation judge on December 22, 2016, on the Request for Expedited Hearing filed by the employee, Sean Smith, pursuant to Tennessee Code Annotated section 50-6-239 (2016). The present focus of this case is whether Mr. Smith is entitled to medical and temporary disability benefits. The central legal issues are whether the evidence is sufficient for the Court to determine that Mr. Smith is likely to establish at a hearing on the merits he suffered an injury arising primarily out of and in the course and scope of his employment, and whether the statute of limitations bars his claim. For the reasons set forth below, the Court holds Mr. Smith is not entitled to the requested medical and temporary disability benefits at this time.[1]

## History of Claim

A review of Mr. Smith's affidavit and recorded statement shows the following: He began working on the assembly line for Yates in January 2012. Early in the course of his employment with Yates, he began having pain in his right hand. He reported the problem, and Yates assigned him different job duties.

---

[1] A complete listing of the technical record and exhibits considered by the Court is attached to this Order as an appendix.

1

In March 2014, after being "forced to work a 20-day straight schedule," Mr. Smith began having pain and tingling, this time in both his hands. He informed his supervisor, Jeff Hudgins, who told him to file a claim under his short-term disability coverage. Mr. Smith filed a claim and received short-term disability benefits while he was out of work during April 2014. Yates required a medical clearance before allowing Mr. Smith to return to work, so he saw Dr. Charles Kaelin, who diagnosed carpal tunnel syndrome. Dr. Kaelin suggested further treatment, but Mr. Smith could not afford it and returned to work with no restrictions in May 2014. The pain in Mr. Smith's hands never went away over the next eight months of work. Yates subsequently terminated him, and his last day of work was December 17, 2014.

Mr. Smith continues to have pain and tingling in his arms and hands. He did not seek workers' compensation medical treatment from Yates because he did not know that was an option. He thought he had to get treatment on his own. However, because he lost his medical insurance, he has received no medical care for his condition since leaving Yates.

A review of Dr. Kaelin's records shows that he saw Mr. Smith on April 8, 2014, for complaints of hand and arm pain, tingling, and weakness. Mr. Smith reported the symptoms had "been there for quite some time." Dr. Kaelin diagnosed bilateral ulnar nerve neuropathy and bilateral carpal tunnel syndrome. He prescribed Relafen and wrist braces.

Upon Dr. Kaelin's referral, Dr. John Schneider performed motor nerve conduction and EMG tests on April 24, 2014. Dr. Schneider's conclusion was "normal study," with "no clear-cut electrodiagnostic evidence to suggest peripheral neuropathy, plexopathy, or radiculopathy."

Mr. Smith returned to Dr. Kaelin on April 29, 2014, reporting that his braces had not provided much relief and that his work at the Nissan plant seemed to aggravate his problem. Dr. Kaelin reviewed the EMG and nerve conduction results and diagnosed bilateral carpal tunnel syndrome. He performed a cortisone injection on Mr. Smith's right wrist and instructed him to return in three weeks. He also released Mr. Smith to full duty.

On April 6, 2016, Dr. Kaelin responded to a letter from Yates' workers' compensation carrier. Asked whether Mr. Smith sustained a work injury that arose primarily out of and in the course and scope of his employment at Yates, Dr. Smith checked the "No" response. He also wrote, "Though the diagnosis of CTS does not require a positive [nerve conduction study], his EMG was normal and symptoms mild. Further, no treatment was sought for 2 years, so no proof of work causation."

Mr. Smith filed a Petition for Benefit Determination on July 17, 2016, seeking

medical and disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Smith filed a Request for Expedited Hearing and asked the Court to issue a decision based on the record without an evidentiary hearing. The Court issued a Docketing Notice on December 12, 2016, identifying the documents it received for review and advising the parties that they had until December 21, 2016, to file any objections to the admissibility of any of those documents.[2]

In his brief, Mr. Smith contends he suffered a gradually occurring injury arising out of and in the course of his employment. He argues that Yates seeks to contravene the workers' compensation statute by refusing to provide benefits when he reported his injury and then relying on a statutory defense. Mr. Smith characterizes this as selectively following the law when it is beneficial to Yates and ignoring it when it is detrimental. Mr. Smith also disputes Dr. Kaelin's causation opinion because Dr. Kaelin was not an authorized treating physician and because he gave that opinion two years after Mr. Smith's initial injury.

Yates contends it owes no workers' compensation benefits because Mr. Smith's claim is barred by the statute of limitations. Alternatively, Yates relies on Dr. Kaelin's opinion that Mr. Smith's carpal tunnel syndrome did not arise primarily out of and in the course of his employment.

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Smith need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2016).

Applying these principles to the facts of this case, the Court cannot find that Mr.

---

[2] Mr. Smith filed his Request for Expedited Hearing on November 22, 2016. On December 13, 2016, the day after the Court issued its docketing notice, Yates filed a Motion/Request for Evidentiary Hearing contending that witness testimony would be necessary to address its affirmative statute of limitations defense. Counsel for Yates stated that he dictated the motion on December 7, following a discussion with his clients, and that the delay in filing the motion was due to his failure to place his dictation in "rush status." Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(f) (2016) provides: "Any party opposing the request for issuance of a decision on the record shall have ten (10) business days from the date the request for expedited hearing is filed to file an objection with the clerk." Yates filed no objection. To the extent its Motion/Request could be deemed an objection, the Court notes that Yates' counsel filed the Motion/Request after the ten-day period expired. The Court notes that, even considering Yates' stated reason for the delay, the decision to seek an evidentiary hearing did not occur until December 7, at which time the ten-day period had already expired. Under the circumstances, the Court finds it is appropriate to proceed with the ruling based on a review of the file.

3

Smith appears likely to prevail at a hearing on the merits of his claim.

Tennessee's workers' compensation law provides the following statute of limitations for initiating a claim:

> In instances when the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation under this chapter shall be forever barred, unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year after the accident resulting in injury.

Tenn. Code Ann. § 50-6-203(b)(1) (2016). Further:

> The employer has the burden of proof to establish facts which the employer claims as a bar to the workers' compensation claim, such as the expiration of the statute of limitations. When, however, a defendant establishes an affirmative defense, the burden shifts to the plaintiff to demonstrate a recognized exception.

*Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008).

Because Mr. Smith alleged a gradual injury, the law deems the date of his "accident resulting in injury" to be the last day he worked for Yates. *See Maples v. Federal-Mogul Corp.* 2015-04-0039, 2016 TN Wrk. Comp. App. Bd. LEXIS 8, at *27 (Tenn. Workers' Comp. App. Bd. Feb. 17, 2016) (the "last day worked" rule remains viable when the applicable provisions of the 2013 Reform Act are construed "fairly, impartially, and in accordance with the basic principles of statutory construction," and "in a manner favoring [n]either the employee [n]or the employer"). It is undisputed that Mr. Smith has not worked at Yates since December 17, 2014. As Yates never paid workers' compensation benefits to or on behalf of Mr. Smith, the time for him to file a PBD expired on December 18, 2015. Because he failed to do so until July 2016, Yates appears likely to establish at a hearing that his claim is barred by section 203(b)(1).

Mr. Smith's argument that Yates' actions "circumvent[ed] the provisions of the Workers' Compensation Law" is not persuasive. He relies on *Frayser v. Dentsply Int'l, Inc.*, 78 S.W.3d 242 (Tenn. 2002), but that case is distinguishable on the facts. In *Frayser*, the employer offered the injured worker "an option to use his health care benefits in lieu of the workers' compensation law." *Id.* at 249. Because the Workers' Compensation Law is an exclusive remedy, the Supreme Court held that allowing an employer to offer an option or alternative remedy would circumvent the purpose of the law. *Id.*

4

Unlike *Frayser*, there is no proof that Yates offered Mr. Smith a choice of benefits in this case. Rather, it appears Yates told Mr. Smith to file under his short-term disability plan and failed to provide any medical treatment. This effectively constituted a denial of his claim, rather than a circumvention of the statute. Faced with this denial, Mr. Smith's remedy was to file a PBD to address Yates' actions and enforce his statutory rights. Once he failed to do so within one year, those rights no longer existed.

The Supreme Court noted in *Yardley v. Hosp. Housekeeping Sys., LLC*, 470 S.W.3d 800, 805 (Tenn. 2015):

> When interpreting statutes, our primary function is to carry out the Legislature's intent without broadening the statute beyond its intended scope. *State v. Burgins*, 464 S.W.3d 298 (Tenn. Apr. 7, 2015). To carry out this function, we presume that every word in a statute has meaning and purpose and should be given full effect, as long as the result does not violate the Legislature's obvious intent. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When the statutory language is clear and unambiguous, we simply apply its plain meaning. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

Adopting Mr. Smith's analysis would essentially negate the statute of limitations in every case where an employer denies a claim. This would conflict with the clear and unambiguous meaning of section 203(b)(1) and render it meaningless. Pursuant to *Yardley*, the Court cannot adopt such a statutory interpretation.

Even if Mr. Smith were able to establish that his claim is not barred, he would still be required to prove a compensable injury. In order to do so, he must show that his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2016). That is, he must show his injury arose primarily from a work-related incident, or specific set of work-related incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2016). Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2016).

The Court cannot find at this time that Mr. Smith appears likely to meet his burden of proving a compensable injury. The parties only submitted one medical opinion regarding causation, that of Dr. Kaelin. He indicated that Mr. Smith did not sustain a work injury arising primarily out of and in the course and scope of his employment at Yates.

Mr. Smith disputes Dr. Kaelin's conclusion because he gave his causation opinion two years after the initial injury. Mr. Smith fails, however, to provide any factual or legal grounds for disregarding Dr. Kaelin's opinion on this basis. It is unclear how the span of time between the injury and the opinion would lead to an inherently untrustworthy opinion. Further, because of the lack of medical treatment and the delay in Mr. Smith's PBD filing, any medical opinion given in this matter will, by necessity, be given over two years after the initial injury.

In his brief, Mr. Smith also appears to suggest that Dr. Kaelin's opinion is somehow invalid because he was not an authorized treating physician (ATP) under Tennessee Code Annotated section 50-6-204. Again, the Court is unaware of any legal authority supporting this position. It is true that Dr. Kaelin was not Mr. Smith's ATP, but this only means that his opinion is not entitled to the statutory presumption of correctness on the issue of causation. His non-ATP status does not disqualify him from giving his professional medical opinion.

Mr. Smith's dissatisfaction with Dr. Kaelin's opinion, standing alone, is legally insufficient to refute it. Neither Mr. Smith nor the Court has the medical qualifications to revise the doctor's medical opinion. As our Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). All the Court has before it is Dr. Kaelin's opinion that Mr. Smith's condition is not work-related. Absent a contrary medical opinion, Mr. Smith cannot establish that his alleged injury arose primarily out of and in the course and scope of his employment.

Therefore, as a matter of law, Mr. Smith has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. The Court, therefore, denies his request for medical and temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Smith's claim against Yates and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for a Scheduling Hearing on February 21, 2017, at 9:00 a.m.

**ENTERED this the 22nd day of December, 2016.**

6

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

7

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Records of Dr. Charles Kaelin
2. Dr. Kaelin's April 6, 2016 response to Traveler's causation questionnaire
3. Ashley Hayes-Beaty's April 14, 2016 letter to Jonathan West
4. Sandy Butkus' April 16, 2016 letter to Mr. Smith
5. C-23 Notice of Denial
6. Wage Statement
7. First Report of Injury
8. Affidavit of Sean Smith
9. Transcript of Recorded Statement of Sean Smith


Technical record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[3] The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 22nd day of December, 2016.

| Name | Certified Mail | Via Fax | Fax Number | Via Email | Address |
|------|----------------|---------|------------|-----------|---------|
| Isaac Conner, Employee Attorney | | | | X | iconner@masonjohnsonlaw.com |
| John Rucker, Jr., Employer Attorney | | | | X | jrucker@ruckerlaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

10